UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MIROSLAW KARWOWSKI,
Individually and a Member of KIRA CAPITAL, LLC,

                                    Plaintiff,

    -against-

KIRA CAPITAL, LLC and
PATRIK PETRUSKA a/k/a PATRICK PETRUSKA,

                                    Defendants.
------------------------------------------------------------------x

Case No.:

**VERIFIED COMPLAINT**

Jury Trial Requested

PLEASE TAKE NOTICE that the Plaintiff herein, MIROSLAW KARWOWSKI, by his attorney, William J. Fallon, Esq., an attorney duly admitted to practice before the United States District Court, Eastern District of New York, as and for his Verified Complaint against Defendants respectfully allege as follows:

## BACKGROUND

1. This is an action by Plaintiff, MIROSLAW KARWOWSKI, all other members of KIRA CAPITAL, LLC, similarly situated and in the right of KIRA CAPITAL, LLC. (hereinafter "Plaintiff" or "Member"), against Defendant, KIRA CAPITAL, LLC, a foreign business entity (hereinafter "the LLC", "LLC" or "Company"), for specific performance and an accounting of the LLC's assets, liabilities, profits and losses and for monetary and compensatory damages based on Defendants, PATRIK PETRUSKA a/k/a PATRICK PETRUSKA (hereinafter "Defendant" or "Managing Member")'s breach of contract, breach of fiduciary duty, fraud, breach of good faith, breach of duty of loyalty, conversion and unjust enrichment in an amount greater than $75,000.00.

## PARTIES

2. That at all relevant times, Plaintiff, was and remains an individual and a Member of the LLC and a resident of the State of New York, County of Queens.

3. That at all relevant times, the LLC was a Limited Liability Company organized under the laws of the State of Florida, with its office and principal place of business located in the State of Florida, County of Florida.

4. That at all relevant times, Defendant was and remains the Manager Member of the LLC, residing in the State of Florida, but prior thereto, was deported from the United States of America pursuant to a criminal fraud conviction, and, thereafter, illegally re-entered the Country

5. That Plaintiff did not receive distributions from LLC to which he is entitled to be paid.

## STANDING, JURISDCTION and VENUE

6. That Plaintiff has standing to commence the within action as a Member of the LLC since on or about its formation and organization pursuant to the LLC's Operating Agreement entered into on or about September 5, 2014

7. That this Court has personal jurisdiction over the Defendants pursuant to New York State C.P.L.R. §302.

8. That this Court has subject matter jurisdiction over the within action because the amount in controversy exceeds $75,000.00, the Plaintiff is a citizen of the State of New York, County of Queens, and all of the Defendants are citizens of the State of Florida.

9. That this action is proper in this Court pursuant, but not limited to, 28 U.S.C. §§ 1332, 2201 and 2202. This Court has supplemental jurisdiction over any related state law claims pursuant to 28 U.S.C. §1367.

10. That venue is proper because the Defendants are subject to personal jurisdiction in the within district.

## GENERAL AND FACTUAL ALLEGATIONS

11. That on or about September 10, 2014, the LLC was formed by the Defendant-Manager by the filing of Articles of Organization with the Florida Department of State that state the LLC is to be managed by Defendant, with an address in the State of Florida.

12. That on or about September 10, 2014, Plaintiff entered into the Operating Agreement of the LLC by making an initial capital contribution and acquiring a Membership interest.

13. That the purpose of the LLC was to acquire, own, develop, operate, manage, finance, sell, or otherwise dispose of distressed real property.

14. That on or about September 10, 2014, Plaintiff, the other Member of the LLC, entered into the Operating Agreement of the LLC by making an initial capital contribution and acquiring an interest.

15. That, upon information and belief, the LLC's Operating Agreement mandated that "all net profits and net losses of the Company shall be allocated to the Members in proportion to the Membership Interests owned by each member as of the close of the Company's taxable year".

16. That since entering into the LLC's Operating Agreement there has been no change in the membership of the LLC, and Plaintiff and the Defendant remain the sole members and, upon

information and belief, there has been no assignment of membership interests, no admission of additional members to the LLC and no withdrawal of members.

17. That the LLC was voluntarily dissolved by Defendant without Plaintiff's consent on or about March 15, 2018.

18. That Defendant also managed and operated Phio Properties, LLC, that was also dissolved because, upon information and belief, it was engaging illegally rigged foreclosure auctions in the State of Florida, County of Flagler.

## AS AND FOR A FIRST CAUSE OF ACTION FOR SPECIFIC PERFORMANCE

19. All prior paragraphs are incorporated by reference herein with the same force and effect as if more fully set forth herein.

20. That Plaintiff is a member of LLC, owning a membership interest.

21. The Operating Agreement for the LLC entered into by and between Plaintiff and Defendant is a binding and enforceable contract.

22. That pursuant to the terms of the LLC's Operating Agreement, Plaintiff is entitled to his share of the net profits and losses of the LLC.

23. That pursuant to the terms of the LLC's Operating Agreement, Defendant was required to allocate to Plaintiff his share of the net profits and losses of the LLC, to wit, the approximate amount of at least $26,393.66.

24. Defendant is currently in breach of its obligations under the Operating Agreement to allocate to Plaintiff his share of the net profits and losses of the LLC, to wit, the approximate amount of at least $26,393.66.

25. Plaintiff substantially performed his contractual obligations under the Operating Agreement.

26. Unless Defendant allocates to Plaintiff his share of the net profits and losses of the LLC, to wit, the approximate amount of $26,393.66, he will continue to be in breach of the Operating Agreement.

27. The LLC is unique and Plaintiff cannot be adequately compensated by money damages.

28. That based on the foregoing, Plaintiff is entitled to specific performance of the Operating Agreement and his right to receive his share of the net profits and losses of the LLC from Defendants, to wit, the approximate amount of $26,393.66.

## AS AND FOR A SECOND CAUSE OF ACTION FOR AN ACCOUNTING

29. That Plaintiff repeats, realleges, reiterates and incorporates by reference herein each and every allegation contained in the Complaint as if fully set forth herein.

30. That Plaintiff is a member of LLC, owning a membership interest, and deposited and or transmitted funds in the approximate amount of $223,518.83 into the LLC's bank account open and maintained with JPMorgan Chase Bank, N.A., to be used by the LLC as working capital to purchase properties (hereinafter "bank account").

31. That Plaintiff has not received all of his distributions from the LLC to which he is entitled to be paid.

32. That other members of LLC, namely Defendant, received distributions from the LLC before dissolving it without Plaintiff's consent.

33. That prior to dissolving the LLC without Plaintiff's consent, Plaintiff closed the LLC's bank account and embezzled, misappropriated, converted and or absconded with the

amount of $127,484.06 due and owed to Plaintiff based on the working capital he previously provided to the LLC.

34. That upon information and belief, Florida Limited Liability Company and the LLC's Operating Agreement provide that the members of a limited liability company may inspect and copy its books and records.

35. That Plaintiff has the right to access the books and records of the LLC.

36. That the LLC and Defendant maintained and continues to possess the books and records of the LLC and has repeatedly denied Plaintiff access to such books and records.

37. That because of the failure of LLC to disclose and afford Plaintiff access to the books and records of the LLC, Plaintiff was deprived of the knowledge of the financial status of the business.

38. That the information regarding the financial status of LLC and its business enterprises was deliberately withheld from Plaintiff by Defendant and the LLC.

39. That as the manager of the LLC, Defendant owes a fiduciary duty to Plaintiff.

40. That upon the rendering of an accounting, LLC should be capable of determining the propriety of all distributions made and expenses disbursed by the LLC, in furtherance of its business activities.

41. That Defendant and the LLC has a duty to account, has failed and refused to do so, and has never tendered an accounting of the financial status and operations in accordance with the Limited Liability Company Law.

42. That Plaintiff has been denied access to the books and records of the LLC, although such access has been duly demanded by Plaintiff.

43. That as a result, Plaintiff suffered and will continue to suffer irreparable harm and injury from such conduct of the LLC and Defendant.

44. That no final settlement of accounts between Plaintiff and the LLC has ever been had and no correct statement of the debts and credits of the business of the LLC has ever been had.

45. That Plaintiff has no remedy at law.

46. That by reason of the foregoing, Plaintiff is entitled to an accounting of the LLC's books and records to determine the profits, losses, assets and liabilities of the LLC.

## AS AND FOR A THIRD CAUSE OF ACTION FOR BREACH OF CONTRACT

47. That Plaintiff repeats, realleges, reiterates and incorporates by reference herein each and every allegation contained in the Complaint as if fully set forth herein.

48. That pursuant to the Operating Agreement, Plaintiff transferred funds in the approximate amount of $223,518.83 into the LLC's bank account to be used by the LLC as working capital to purchase properties.

49. That pursuant to the Operating Agreement and otherwise, Plaintiff agreed to allocate to Defendant his share of the net profits and losses of the LLC, to wit, the approximate amount of $26393.66 to Plaintiff and return the amount of $127,484.06 due and owed to Plaintiff based on the working capital he previously provided to the LLC before unilaterally dissolving the LLC.

50. That the consideration bargained for was fair and reasonable.

51. That Defendant paid distributions to himself from the LLC's account, but not to Plaintiff.

52. That Defendant failed to comply with the provisions of and breached the Operating Agreement entered into with Plaintiff.

53. That Plaintiff has complied with the provisions of the Operating Agreement.

54. That as a result of the foregoing, Plaintiff was damaged in the sum of at least $153,877.72, with interest.

55. That by reason of the foregoing, Plaintiff is entitled to recover monetary damages as against Defendant in amount greater than $153,877.72 with interest thereon plus costs, disbursements and attorney fees.

56. That by reason of the foregoing, Plaintiff is entitled to recover punitive damages as against Defendant in the amount of $1,000,000.00 with interest thereon plus costs, disbursements and attorney fees, for his malicious and wrongful acts.

## AS AND FOR A FOURTH CAUSE OF ACTION
## FOR BREACH OF FIDUCIARY DUTY

57. That Plaintiff repeats, realleges, reiterates and incorporates by reference herein each and every allegation contained in the Complaint as if fully set forth herein.

58. That Defendant as Manager of the LLC owed a fiduciary duty of the highest order to the Plaintiff.

59. That Defendant was obligated to obtain Plaintiff's consent to dissolve the LLC and distribute its assets.

60. That the Defendant committed misconduct by dissolving the LLC without Plaintiff's notice, consent and knowledge and without allocating to Plaintiff his share of the net profits and losses of the LLC, to wit, the approximate amount of $26,393.66.

61. That the Defendant committed misconduct by misappropriating the LLC assets and embezzling, misappropriating, converting and or absconding with Plaintiff's $127,484.06.

62. That Plaintiff has been damaged in the approximate amount of $153,877.72 by Defendants refusing to allocate to Plaintiff his share of the net profits and losses of the LLC and

misappropriating the LLC assets and embezzling, misappropriating, converting and or absconding Plaintiff's $127,484.06.

63. That as a result of the foregoing, Plaintiff is entitled to an award of monetary damages from Defendants in amount greater than $153,877.72 plus statutory interest, costs, disbursements and attorney fees.

64. That by virtue of the foregoing, Plaintiff is entitled to recover punitive damages as against Defendant in the amount of $1,000,000.00 with interest thereon plus costs, disbursements and attorney fees, for their malicious and wrongful acts.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR FRAUD

65. That Plaintiff repeats, realleges, reiterates and incorporates by reference herein each and every allegation contained in the Complaint as if fully set forth herein.

66. That Defendant's representations to Plaintiff that Plaintiff is entitled to his share of the net profits and losses of the LLC, and then dissolving the LLC without Plaintiff's notice, consent and knowledge and without allocating to Plaintiff his share of the net profits and losses of the LLC in the amount of and embezzling, misappropriating, converting and or absconding with Plaintiff's $127,484.06 from the LLC's bank account and are hereinafter referred to as the "Representations".

67. That Plaintiff had a confidential relationship with Defendant.

68. That Defendants had a fiduciary duty to Plaintiff in connection with the management of the LLC.

69. That the Representations made by Defendants were false when made.

70. That Plaintiff reasonably relied upon the Representations to its detriment.

71. That Defendants made the Representations with the intent to deceive Plaintiff and for the purpose of hiding, secreting and misappropriating the LLC assets and Plaintiff's contributions thereto for the purchase of properties.

72. That Defendant knowingly concealed the assets, profits and losses of the LLC by failing to provide an accounting and bank statements for the LLC's accounts despite Plaintiff's demand.

73. That Defendant knowingly concealed that he misappropriated, converted and or absconded with the amount of $127,484.06 that Plaintiff deposited and or transferred into the LLC's bank account as working capital to purchase of properties he previously provided to the LLC.

74. That but for the Representations of Defendants, Plaintiff would not have delivered his initial capital contribution and working capital to the LLC and permitted Defendants to manage the LLC's assets.

75. That as a result of Defendant's fraud, Plaintiff has sustained money damages in a sum to be determined by the trier of fact, exceeding $153,877.72.

76. That as a result of the foregoing, Plaintiff is entitled to an award of monetary damages from Defendant in the amount greater than $153,877.72 plus statutory interest, costs, disbursements and attorney fees.

77. That by virtue of the foregoing, Plaintiff is entitled to recover punitive damages as against Defendant in the amount of $1,000,000.00 with interest thereon plus costs, disbursements and attorney fees, for their malicious and wrongful acts.

## AS AND FOR A SIXTH CAUSE OF ACTION
## FOR BREACH OF DUTY OF LOYALTY

78. That Plaintiff repeats, realleges, reiterates and incorporates by reference herein each and every allegation contained in the Complaint as if fully set forth herein.

79. That the Defendant breached his duty of loyalty to the LLC, by violating the Articles of Organization, Operating Agreement and Florida State limited liability company law, by refusing to allocate to Plaintiff his share of the net profits and losses of the LLC, to wit, the approximate amount of $26,393.66, misappropriated, converted and or absconded with the amount of $127,484.06 that Plaintiff deposited and or transferred into the LLC's bank account and failing to provide an accounting of the LLC's assets and liabilities and bank statements for the LLC's account.

80. That as a direct and proximate result of the breaches described above, the assets of the LLC were wasted and the Plaintiff received an inadequate return on his capital contributions.

81. That as a result of the foregoing, Plaintiff is entitled to an award of monetary damages from Defendant in the amount greater than $153,877.72 plus statutory interest, costs, disbursements and attorney fees.

82. That by virtue of the foregoing, Plaintiff is entitled to recover punitive damages as against Defendant in the amount of $1,000,000.00 with interest thereon plus costs, disbursements and attorney fees, for their malicious and wrongful acts.

## AS AND FOR A SEVENTH CAUSE OF ACTION FOR CONVERSION

83. That Plaintiff repeats, realleges, reiterates and incorporates by reference herein each and every allegation contained in the Complaint as if fully set forth herein

84. That through the course of conduct described herein, Defendant undertook a deliberate and intentional scheme designated to illegally convert Plaintiff's interest in the LLC for Defendant's own use and enjoyment and, upon information and belief, to fraudulently convert assets of the LLC and Plaintiff for his own use.

85. That by reason of the foregoing, Defendant converted Plaintiff's $153,877.72.

86. That the unlawful taking of Plaintiff's assets and ownership interest in the LLC in the amount not less than $153,877.72 without his consent constitutes conversion.

87. As a direct and proximate result of the tortious conversation of Plaintiff's assets and ownership interest in the LLC undertaken by Defendant, Plaintiff has been caused to suffer damages in the amount of $153,877.72 and will in the future continue to suffer damages.

87. That as a result of the foregoing, Plaintiff is entitled to an award of monetary damages from Defendants in the amount greater than $153,877.72 plus statutory interest, costs, disbursements and attorney fees.

88. That by virtue of the foregoing, Plaintiff is entitled to recover punitive damages as against Defendants in the amount of $1,000,000.00 with interest thereon plus costs, disbursements and attorney fees, for their malicious and wrongful acts.

## AS AND FOR AN EIGHTH CAUSE OF ACTION FOR UNJUST ENRICHMENT

89. That Plaintiff repeats, realleges, reiterates and incorporates by reference herein each and every allegation contained in the Complaint as if fully set forth herein

90. That by virtue of the foregoing, Defendants have been unjustly enriched in the amount of $153,877.72.

91. That as a result of the foregoing, Plaintiff is entitled to an award of monetary damages from Defendants in the amount greater than $153,877.72 plus statutory interest, costs, disbursements and attorney fees.

## **RESERVATION OF RIGHTS**

92. That Plaintiff reserves its right to amend its Verified Complaint, upon completion of investigation and discovery, to assert any additional claims for relief against Defendants or other parties as may be warranted under the circumstances and as allowed by law.

WHEREFORE, Plaintiff demands an order and judgment as follows:

(a) On the First Cause of Action, an award of specific performance of the Operating Agreement and his right to receive his share of the net profits and losses of the LLC from Defendants, to wit, the approximate amount of $26,393.66;

(b) On the Second Cause of Action, compelling Defendants to provide Plaintiff with an accounting of the LLC's books and records to determine the profits, losses, assets and liabilities of the LLC;

(c) On the Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action, an award of monetary damages against Defendant in the amount of at least $153,877.72 plus statutory interest, reasonable attorney fees, disbursements and costs for this action;

(d) An award of punitive damages against Defendant in the amount of $1,000,000.00 with interest thereon plus costs, disbursements and attorney fees, for their malicious and wrongful acts; and

(e) An award of reasonable attorney fees, costs and disbursements for the action, together with such further and other relief as this Court deems just and proper.

Dated:  New York, New York
       January 12, 2023

Yours, etc.,

William J. Fallon, Esq.

By:       /s/: William J. Fallon
           William J. Fallon (wjf-4651)
Attorney for Plaintiff
PO Box 575
Rockville Centre, NY 11571
27 William Street, Suite 1205
New York, NY 10005
Tel: (212) 776-9219

## **VERIFICATION**

STATE OF NEW YORK )
) ss:
COUNTY OF NASSAU )

I, MIROSLAW KARWOWSKI, am the lead Plaintiff in the within action and a Member of Co-Plaintiff, KIRA CAPITAL, LLC, and am authorized to execute this Verification on its behalf. I have read the foregoing and know the content thereof. The content is true to my own knowledge except as to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

Dated: January 12, 2023

_____
MIROSLAW KARWOWSKI

Sworn to before me on the
12 day of January, 2023

_____
Notary Public