UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MIROSLAW KARWOWSKI,
Individually and a Member of KIRA CAPITAL, LLC,

                               **REPORT & RECOMMENDATION**

        Plaintiff,                         **23 CV 310 (ENV)(LB)**

   -against-

KIRA CAPITAL, LLC and
PATRIK PETRUSKA a/k/a PATRICK PETRUSKA,

        Defendants.
----------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

       Plaintiff Miroslaw Karwowski, a New York resident, brings this diversity action against defendants, alleging breach of contract, breach of fiduciary duty, breach of the duty of loyalty, conversion, and unjust enrichment. Despite service of the summons and complaint, defendants have failed to plead or otherwise defend this action. Plaintiff now moves for a default judgment against defendant Patrik Petruska[1] pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. The Honorable Eric N. Vitaliano referred plaintiff's motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, I respectfully recommend that plaintiff's motion for default judgment should be denied, and that the complaint should be dismissed for lack of personal jurisdiction.

## BACKGROUND[2]

       In September 2014, plaintiff, a New York resident, became a member of Kira Capital, LLC (hereinafter "the LLC"), a Florida limited liability company managed by defendant Patrik

---

[1] Plaintiff does not seek a default judgment against defendant Kira Capital, LLC because the company has dissolved and has no remaining assets. See Plaintiff's Affidavit, ECF No. 11-1 at n. 3.

[2] The facts are drawn from the uncontested allegations in plaintiff's complaint and are taken as true for the purposes of deciding this motion. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 108 (2d Cir. 1997) (deeming all well-pleaded allegations in a complaint admitted on a motion for a default judgment).

Petruska, a Florida resident. Complaint ¶¶ 2-4, 12, ECF No. 1 (hereinafter "Compl."). Plaintiff entered into the LLC's operating agreement by making an initial capital contribution and acquiring a membership interest in the company. Id. ¶ 12. Plaintiff and defendant Petruska were the only two members of the LLC. Id. at ¶ 16. The LLC's purpose was to "acquire, own, develop, operate, manage, finance, sell, or otherwise dispose of distressed real property." Id. at ¶ 13.

Pursuant to the LLC's operating agreement, all net profits and losses were to be allocated to each member in proportion to their membership interest at the close of the LLC's taxable year. Id. at ¶ 15. Plaintiff alleges that he was entitled to receive 99% of the LLC's net profits and losses,[3] which totaled $26,393.66. Id. at ¶ 23. Plaintiff also deposited $223,518.83 into the LLC's bank account to be used as "working capital to purchase properties."[4] Id. ¶ at 48.

Defendant Petruska was required to obtain plaintiff's consent to dissolve the LLC and distribute its assets. Id. at ¶ 59. However, on or about March 15, 2018, defendant Petruska unilaterally dissolved the LLC without allocating plaintiff's share of the net profits or returning the remaining balance of plaintiff's capital contribution. Id. at ¶¶ 17, 49-52. Defendant Petruska only paid a distribution to himself. Id. at ¶ 51. Plaintiff further alleges that defendant Petruska made false representations to plaintiff with the intent to deceive him, id. at ¶ 66-74; failed to provide an accounting and bank statements for the LLC, id. at ¶ 41-42; and converted plaintiff's membership interest and the LLC's assets for his own use and enjoyment. Id. at ¶ 84.

---

[3] Plaintiff does not provide a copy of the operating agreement. ECF No. 11-1 at n. 5. Plaintiff's counsel alleges in his declaration in support of the instant motion that the parties agreed by email to allocate 99% of the LLC's net profits and losses to plaintiff. ECF No. 11-2 ¶ 13. Plaintiff's counsel purports to attach this email agreement as Exhibit 9. Id. However, the email attached as Exhibit 9 makes no reference to any such agreement. ECF No. 11-11. Moreover, plaintiff's counsel contradicts this allegation in his memorandum of law, which states that plaintiff is entitled to 50% of the net profits and losses of the LLC. ECF No. 11-17 at 15.

[4] Plaintiff later withdrew $96,034.77 from the LLC's account, leaving a balance $127,484.06. See ECF No. 11-1 ¶ 13.

Plaintiff seeks a default judgment against defendant Petruska in the amount of $153,877.72, which reflects plaintiff's alleged share of the LLC's net profits and the remaining balance of his capital contribution, plus $572.00 in statutory interest, costs, and disbursements. ECF No. 11-2 ¶ 2.

**PROCEDURAL HISTORY**

Plaintiff filed the instant action on January 17, 2023. ECF No. 1. Plaintiff served the summons and complaint on defendant Kira Capital, LLC by personally serving Kristy Goodwin of Livingston & Sword, P.A., defendant's registered agent. ECF No. 7. Plaintiff served the summons and complaint on defendant Petruska pursuant to N.Y. C.P.L.R. § 308(4), which permits "nail-and-mail" service[5] on an individual when personal service cannot otherwise be completed despite due diligence.[6] ECF No. 8. Defendants failed to answer or otherwise respond to the complaint, and the Clerk of Court noted defendants' default pursuant to Federal Rule of Civil Procedure 55(a). ECF No. 10. Plaintiff now moves for a default judgment against defendant Petruska. ECF No. 11. The motion was referred to me for a Report and Recommendation.

**DISCUSSION**

**I.     Standard of Review**

Rule 55 of the Federal Rules of Civil Procedure establishes the two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is

---

[5] This method of service requires three steps: "(1) affixing the summons to the defendant's door; (2) mailing the defendant a copy of the summons; and (3) filing 'proof of service' with the court." Beller & Keller v. Tyler, 120 F.3d 21, 24 (2d Cir. 1997).
[6] The determination of whether a party used due diligence in attempting personal or substitute service before resorting to the "nail and mail" method is a fact-specific analysis based on the totality of the circumstances. Allstate Ins. Co. v. Rozenberg, 771 F. Supp. 2d 254, 261-262 (E.D.N.Y. 2011). Because the Court finds that it lacks personal jurisdiction over the out-of-state defendant, the Court need not determine whether the process server's three prior attempts to serve defendant Petruska at his residence satisfy due diligence for purposes of C.P.L.R § 308(4). ECF No. 8.

3

sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on a plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2).

In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc., 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010) (citing Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95–96 (2d Cir. 1993)). "Accordingly, plaintiff is not entitled to a default judgment as a matter of right simply because a party is in default." Finkel v. Universal Elec. Corp., 970 F. Supp. 2d 108, 118 (E.D.N.Y. 2013) (citing Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (courts must "supervise default judgments with extreme care to avoid miscarriages of justice")).

On a motion for a default judgment, the Court "deems all the well-pleaded allegations in the pleadings to be admitted." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997); see also Universal Elec. Corp., 970 F. Supp. 2d 108, 119 (E.D.N.Y. 2013). Regardless of the assumption of truth, the Court has a "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Rolls-Royce PLC v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). In other words, "[a]fter default . . . it remains for the Court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." Id. (internal quotation marks and citation omitted). If the unchallenged facts establish a defendant's liability, the Court then determines the amount of damages due. Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc., 109 F.3d at 111).

## II.   Personal Jurisdiction

### A.  Standard

"Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived." Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982). Therefore, "a district court should *not* raise personal jurisdiction *sua sponte* when a defendant has appeared and consented, voluntarily or not, to the jurisdiction of the court." Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp., 619 F.3d 207, 213 (2d Cir. 2010). However, when a defendant fails to appear and a plaintiff seeks a motion for a default judgment, a court should make sure that it has personal jurisdiction over the defendant. Id. A preliminary analysis of personal jurisdiction preserves judicial economy because a judgment entered without personal jurisdiction over the parties is void. City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 138 (2d Cir. 2011); see also Yao Wu v. BDK DSD, No. 14-CV-5402, 2015 WL 5664256, at *2 (E.D.N.Y. Aug. 31, 2015), report and recommendation adopted, 2015 WL 5664534 (Sept. 22, 2015) ("Judgments rendered against a defendant over whom a court lacks personal jurisdiction are void and may later be vacated by motion brought pursuant to Fed. R. Civ. P. 60(b)(4). It therefore preserves judicial economy for the court to assess personal jurisdiction from the outset . . . .") (citation omitted).

To exercise personal jurisdiction over a defendant, there must be "(1) procedurally proper service of process on the defendant; (2) a statutory basis for personal jurisdiction; and (3) the exercise of jurisdiction must be consistent with 'constitutional due process principles.'" Cohen v. Facebook, Inc., 252 F. Supp. 3d 140, 152 (E.D.N.Y. 2017), aff'd in part, dismissed in part sub nom. Force v. Facebook, Inc., 934 F.3d 53 (2d Cir. 2019) (citing Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 673 F.3d 50, 59-60 (2d Cir. 2012)).

Federal Rule of Civil Procedure 4(k) allows a federal court to exercise personal jurisdiction as authorized by the law of the state in which it sits. Fed. R. Civ. P. 4(k). Because defendant Petruska is a Florida resident and defendant Kira Capital, LLC is a Florida corporation, New York's long-arm statute is the relevant statute.[7] N.Y. C.P.L.R § 302. An out-of-state defendant is subject to specific personal jurisdiction under N.Y. C.P.L.R § 302 if he or she: (1) transacts any business within New York; (2) commits a tort in New York; (3) or commits a tort outside of New York that injures a person or property in New York, and (i) "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state" or (ii) derives "substantial revenue from interstate or international commerce" and "expects or reasonably should expect the act to have consequences" in New York; or (4) owns, uses or possesses real property in New York. Plaintiff bears the burden of establishing that the long-arm statute is satisfied. See Spin Master Ltd. v. 158, 463 F. Supp. 3d 348, 361–62 (S.D.N.Y. 2020), "Plaintiffs have the burden of pleading such personal jurisdiction." Id.

**B. Discussion**

Defendant has not waived personal jurisdiction by virtue of his failure to respond to plaintiff's complaint. See, e.g., Shi v. Le, No. 21-CV-1361, 2022 WL 1085420, at *4 (E.D.N.Y. Mar. 2, 2022), report and recommendation adopted, 2022 WL 896963 (E.D.N.Y. Mar. 28, 2022)

---

[7] Plaintiff argues that the Court should apply Florida substantive law to plaintiff's breach of contract and breach of fiduciary duty claims. ECF No. 11-17 at 11. Plaintiff's choice of law argument is immaterial to the Court's personal jurisdiction analysis, as "a federal court sitting in diversity, as here, applies the personal jurisdiction law of the forum state." Saudi v. Marine Atl., Ltd., No. 02-CV-2495, 2006 WL 8435127, at *3 (E.D.N.Y. Aug. 24, 2006), report and recommendation adopted, 2006 WL 8435128 (E.D.N.Y. Dec. 4, 2006), aff'd, 306 F. App'x 653 (2d Cir. 2009).

("Defendant Le has not appeared in the action and therefore has not acted in any way that indicates he has submitted to the jurisdiction of the Court.").

Review of plaintiff's complaint reveals no statutory basis for the exercise of personal jurisdiction over defendant.[8] Plaintiff contends that the Court has personal jurisdiction over defendant "pursuant to New York State C.P.L.R. § 302," but provides no support for this legal conclusion. Compl. ¶ 7. Plaintiff's claims arise from a Florida resident's actions in forming and dissolving a Florida real estate development company with a principal place of business and bank account in Florida. Id. at ¶ 3-4; ECF No. 11-7 at 11. "Nowhere, in short, does plaintiff make any allegations linking the case to New York in any way." Yao Wu, 2015 WL 5664256, at *3. Plaintiff does not allege that defendant transacted business within New York, owned real property in New York, or committed any act in New York. Likewise, plaintiff does not allege that any of the properties Kira Capital, LLC bought and sold were located in New York.[9]

Plaintiff alleges that defendant Petruska committed a tortious act in Florida that injured plaintiff in New York—namely, that defendant dissolved the LLC without plaintiff's consent and absconded with plaintiff's capital contribution and share of the net profits. This however does not subject defendant Petruska to long-arm jurisdiction because "the suffering of economic damages in New York is insufficient, alone, to establish a direct injury in New York for N.Y. C.P.L.R. § 302(a)(3)." Shi, 2022 WL 1085420, at * 6 (quoting AVRA Surgical Robotics, Inc. v. Gombert, 41 F. Supp. 3d 350, 361 (S.D.N.Y. 2014)). In addition, plaintiff fails to allege facts to support the other requirements for personal jurisdiction under C.P.L.R § 302(a)(3)(i)-(ii): that

---

[8] Because plaintiff has failed to establish personal jurisdiction under New York's long-arm statute, the Court need not determine whether service was proper or whether an exercise of personal jurisdiction would be consistent with due process. See Madison Stock Transfer, Inc. v. Exlites Holdings Int'l, Inc., 368 F. Supp. 3d 460, 483 (E.D.N.Y. 2019) ("Because Madison has failed to establish personal jurisdiction over Julian under the long-arm statute, the Court need not examine whether its exercise would comport with due process.").
[9] Plaintiff's Exhibit 8 contains a list of properties bought and sold by the LLC. ECF No. 11-10 at 2. The properties are listed by street number and name only. However, the Court assumes that all the properties are located in Florida.

defendant regularly does business in New York, or derives substantial revenue from interstate or international commerce.

The complaint's only connection to New York is that plaintiff is a New York resident. Compl. ¶ 2. But this is of no consequence to the proper analysis for long-arm jurisdiction. See Mortg. Funding Corp. v. Boyer Lake Pointe, LC, 379 F. Supp. 2d 282, 288 (E.D.N.Y. 2005) ("Even though the Plaintiff may have expended time, energy and resources in New York . . . carrying out their obligations under the alleged contract, the Plaintiff's business interactions with New York are not at issue when assessing personal jurisdiction. Rather, the Court must evaluate the Defendants' activities and conduct."). Defendant's conduct as a member-manager of a Florida company that has a member in New York is not equivalent to transacting business within New York under N.Y. C.P.L.R § 302(a)(1), which requires "purposeful business activity directed at New York." Barrett v. Tema Dev. (1988), Inc., 463 F. Supp. 2d 423, 432 (S.D.N.Y. 2006), aff'd, 251 F. App'x 698 (2d Cir. 2007). "[A]n activity is purposeful when a defendant invokes the benefits and protections of New York's laws." Suber v. VVP Servs., LLC, No. 21-CV-2649, 2023 WL 115631, at *3 (2d Cir. Jan. 10, 2023) (alteration and quotations omitted) (citing Ehrenfeld v. Bin Mahfouz, 9 N.Y.3d 501, 508 (2007)).

To determine whether a party has "transacted business" as contemplated by N.Y. C.P.L.R § 302(a)(1), courts consider:

> (1) [W]hether the defendant has an on-going contractual relationship with a New York entity; (2) whether the contract was negotiated or executed in New York, and whether, after executing a contract with a New York business, the defendant has visited New York for the purpose of meeting with parties to the contract regarding the relationship; (3) whether the contract is to be performed in New York; (4) whether the contract requires notices and payments to be sent to New York; and (5) whether the contract contains a New York choice-of-law clause.

8

Mortg. Funding Corp., 379 F. Supp. 2d 282 at 286. Plaintiff does not allege that the LLC's operating agreement was negotiated or executed in New York, that defendant took any other action in New York, that the contract was to be performed in New York, or that the contract required payments to be sent to New York. Plaintiff likewise does not allege that the operating agreement contained a New York choice-of-law clause—and plaintiff's choice-of-law argument in support of this motion suggests that it did not. ECF No. 11-17 at 9-11.

Plaintiff does not establish that New York's long-arm statute reaches the out-of-state defendant named herein. See Mortg. Funding Corp., 379 F. Supp. 2d at 282 (dismissing breach of contract action for lack of personal jurisdiction where, *inter alia*, contract was negotiated and executed remotely between parties in different states, involved real property situated in Utah, did not cover delivery of payment, and did not contain a New York choice-of-law stipulation). Exercising personal jurisdiction over defendant under these facts "would essentially expand the reach of CPLR § 302(a)(1) beyond persons who regularly and purposely transact business in New York to encompass those who merely enter into an isolated business relationship outside of New York with a resident of New York." Barrett, 463 F. Supp. 2d 423, at 433 (S.D.N.Y. 2006).

## CONCLUSION

Accordingly, it is respectfully recommended that the Court should deny plaintiff's motion for default judgment and should dismiss the entire complaint without prejudice for lack of personal jurisdiction.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be

filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: June 2, 2023
       Brooklyn, New York